## Bowden Construction Company v. Hagenbuch.

*Practice, C. P.—Plaintiff's statement—Motion to strike off—Practice Act of 1915, sect. 5.*

A plaintiff's statement which is confusing and violates section 5 of the Practoce Act of 1915 in not being a statement in concise and summary form of the material facts, and also violates the same section by containing evidence and inference and not being divided into paragraphs and not having attached thereto "copies of all notes," etc., will be stricken off upon motion.

Motion to strike off plaintiff's statement. C. P. Schuylkill Co., Nov. T., 19—, No. 106.

R. P. *Swank*, for motion; *Whalen & Ellis*, contra.

BERGER, J., Jan. 7, 1924.—The plaintiff brought an action of *assumpsit* against the defendant and filed and served his statement of claim. The defendant has moved to strike off the statement for non-conformity with the Practice Act, 1915, assigning five reasons, which, when grouped, aver (1) that the statement is not concise and summary in form; (2) that paragraphs 4, 5 and 8 of the statement each contain more than one material allegation; and (3) that the statement does not have attached to it copies of all notes, contracts, book entries and other writings required to be attached.

Section 5 of the Practice Act requires that all pleadings filed thereunder shall contain nothing but (1) "a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defence; (2) that it shall not contain any of the evidence by which it is proposed to prove the matters pleaded; (3) that no inferences, whether of fact or of law, which may arise out of the matters pleaded shall be stated in the pleading; (4) that every pleading is to be divided into consecutively numbered paragraphs, each containing but one material allegation; and (5) that attached to every pleading shall be 'copies of all notes, contracts, book entries, etc.' "

The statement of claim is evidently founded in part upon a written contract, and in part upon an oral contract, as is stated in paragraph 5 thereof. It also seems to be founded in part upon three promissory notes given by the defendant to the plaintiff, as is set forth in paragraph 7 of the plaintiff's statement. In fact, a careful analysis of the plaintiff's statement leaves us in doubt whether it is founded upon a written contract, an oral contract, or upon promissory notes, or upon any one of these separately, or upon two or more, or upon all of them. The plaintiff's statement is so confusing that in the brief filed in opposition to the motion to strike off it is said: "This suit is brought in the form of the old 'account stated,' and we beg to refer the court to 1 P. & L. Digest of Decisions, par. 23, where the right to bring suit in 'account stated' is declared to be predicated upon a prior settlement by the parties." In our opinion, however, the plaintiff's statement does not contain any averments which would justify us in holding that his cause of action is founded on an account stated. The statement, no matter how viewed, violates section 5 of the Practice Act in each of the five particulars hereinabove enumerated. The motion to strike off is sustained.

And now, Jan. 7, 1924, rule to show cause why plaintiff's statement should not be stricken from the record is made absolute, and the statement is directed to be stricken off.

From M. M. Burke, Shenandoah, Pa.